# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**TERRANCE WILLS**  **PETITIONER**
Reg #29547-031

VS. No. 2:22-CV-00205-BSM-ERE

**DEWAYNE HENDRIX, Warden,**
**FCI-Forrest City**[1]  **RESPONDENT**

## ORDER

On November 7, 2022, Terrance Wills, an inmate incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. *Doc. 1*. Mr. Wills did not pay the filing fee or ask to proceed *in forma pauperis*.[2]

IT IS THEREFORE ORDERED that:

1. The Clerk of the Court send Mr. Wills an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO-240).

---

[1] Because Mr. Wills is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "John P. Yates, Warden, FCI – Forrest City, Arkansas." See 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

[2] *See* Rule 3(a), Rules Governing § 2254 Cases in United States District Courts (providing that a habeas petition "must be accompanied" by the applicable filing fee or "a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution").

1

2. If Mr. Wills wishes to continue with this habeas action, he must, ***on or before Wednesday, December 7, 2022***, either: (1) file the completed Application, including the Certificate of Prisoner Accounts;[3] **or** (2) pay the $5.00 filing fee, in full.[4] If Mr. Wills fails to timely and properly comply with this Order, this habeas action may be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).[5]

3. The Clerk of the Court is instructed to change the name of Respondent to John P. Yates, Warden, FCI – Forrest City, Arkansas.

4. Service of the Petition is not appropriate at this time.

DATED this 9th day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Certificate must be signed by an authorized officer at the incarcerating facility.

[4] Mr. Wills' payment must clearly indicate that it is for payment of the filing fee in this action. *Wills v. Yates*, No. 2:22-CV-00205-BSM-ERE.

[5] Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern of Arkansas, provides:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. *If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.* Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added). *See also* Fed. R. Civ. P. 41(b) (a district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 12 (applicability of Federal Rules of Civil Procedure in habeas proceedings).