UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TERRANCE WILLS                                                                    PETITIONER
#29547-031

V.                              No. 2:22-CV-00205-BSM-ERE

JOHN P. YATES, Warden, FCI – Forrest City, Arkansas[1]        RESPONDENT

## RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

I.    Introduction

On November 7, 2022, Terrance Wills, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed a 28 U.S.C. § 2241 petition

---

[1] Because Mr. Wills is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "C. Edge, Acting Warden FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

Accordingly, the Clerk of the Court is directed to change Respondent to "C. Edge, Acting Warden FCI – Forrest City, Arkansas."

1

for a writ of habeas corpus (*Doc. 1*), alleging that the Bureau of Prisons ("BOP") erroneously has him at a medium recidivism status, which has denied him of eight months of "earned credits" toward his sentence, as allowed under a provision of the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632(d)(4). *Doc. 1 at 2*.

For the reasons below the undersigned recommends that the petition be dismissed, without prejudice, based on Mr. Wills' failure to exhaust his administrative remedies.

**II.  Background**

On October 21, 2019, Mr. Wills pleaded guilty to possession with intent to distribute heroin in the United States District Court for the District of Kansas. *United States v. Wills*, No. 5:19-cr-040019-DDC, *Docs. 88-91* (D. Kan. Oct. 21, 2019). On August 12, 2020, he was sentenced to 72 months in prison, followed by five years of supervised release. *Id*. *at Docs. 152-153*.

Mr. Wills' § 2241 habeas petition alleges that, if the BOP has assessed him properly, his recidivism level would go from medium to low, resulting in eight additional months of credit toward his sentence and moving his release date from March 27, 2024, to July 27, 2023. *Doc. 1 at 6-8*.

Respondent explains that: (1) although Mr. Wills initiated the grievance process, he did not appeal the Warden's denial; (2) Mr. Wills seeks relief that was

not in his original grievance; and (3) a January 31, 2023, assessment already reduced Mr. Wills' recidivism status to low. *Docs. 8, 8-1*.

Mr. Wills reply was due Monday, February 27, 2023. *Doc. 9*. To date, he has not filed a reply, and the time for doing so has passed.

**III.   Discussion**

    **A.   Earned Time Credits Under the FSA**

A federal prisoner's pre-release placement occurs at the latter stages of a sentence when he or she, if eligible, prepares for reintegration to society through custody in home confinement or a residential reentry center, also known as a community correctional facility. The FSA created an earned time credit program to assist prisoners in the reintegration process. Eligible prisoners can earn ten days of time credits for every thirty days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(ii).

B. **Exhaustion of Administrative Remedies**

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). This judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, see *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), but its fulfillment promotes several purposes:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Gonzalez v. Yates*, No. 222CV00243LPRPSH, 2023 WL 2916677, at *3 (E.D. Ark. Apr. 12, 2023) (citing *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976)).

The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses

the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

Mr. Wills did not respond to Respondent's exhaustion arguments, which are supported by documents attached to their response and Mr. Wills' petition. Exhaustion serves a vital role in this context. Prisoners who disagree with a time-credit computation must seek administrative review of the calculation. 28 C.F.R. §§ 542.10–542.16. The BOP is responsible for computing federal sentencing credits, and the Court reviews the BOP's sentencing computation for abuse of its discretion. *Elwell v. Fisher*, 716 F.3d 477, 486 (8th Cir. 2013). Prisoners may "seek judicial review of these computations after exhausting their administrative remedies . . . ." *United States v. Wilson*, 503 U.S. 329, 335 (1992).

If Mr. Wills disputes the BOP's January 31, 2023, assessment reducing his recidivism status to low, applying additional earned time credits, and resulting in a new release date of July 12, 2023[2] (which is earlier than Mr. Wills' alleged release date of July 27, 2023), he must present his claim to the BOP, and follow each step of the administrative exhaustion process, *before* seeking relief in federal court. If, after properly exhausting his administrative remedies, Mr. Wills still disputes the BOP's final decision, he may return to federal court and seek relief under § 2241.

---

[2] *See* www.bop.gov/inmateloc/ (last accessed May 16, 2023).

5

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Terrance Wills' petition for writ of habeas corpus (*Doc. 1*) be dismissed, without prejudice.

Dated 18 May 2023.

_____
UNITED STATES MAGISTRATE JUDGE